THE STATE OF NEVADA, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT, in and for the State of Nevada, County of Clark, THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, Respondent.

No. 16259

November 5, 1985

708 P.2d 1022

*Robert J. Miller,* District Attorney, Clark County; *Brian McKay,* Attorney General, Carson City, for Petitioner.

*J. R. Crockett,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This petition for a writ of certiorari challenges an order of the district court declaring unconstitutional NRS 486.231, Nevada's mandatory helmet law. NRS 486.231 requires that drivers and passengers of motorcycles wear protective headgear and goggles when operating a motorcycle on a highway.[1]

---

[1]NRS 486.231 provides:

*Protective headgear, glasses:*
*Standards; when use required.*

1. The department of motor vehicles shall adopt standards for protective headgear and protective glasses, goggles or face shields to be worn by the drivers and passengers of motorcycles and transparent windscreens for motorcycles.

2. Except as provided in this section, when any motorcycle, except a trimobile or moped, is being driven on a highway, the driver and passenger shall wear protective headgear securely fastened on the head and protective glasses, goggles or face shields meeting those standards. Drivers and passengers of trimobiles shall wear protective glasses, goggles or face shields which meet those standards.

3. When a motorcycle or a trimobile is equipped with a transparent windscreen meeting those standards, the driver and passenger are not required to wear glasses, goggles or face shields.

4. When a motorcycle is being driven in a parade authorized by a

A criminal complaint was filed in Justice's Court against Real Party in Interest Samuel Marber for violation of NRS 486.231 and Ord. 14.54.020 (willfully and unlawfully driving a motorcycle on a public highway without wearing protective headgear). Marber entered a plea of nolo contendere to the charge, with the reservation that he be allowed to challenge the constitutionality of the mandatory helmet law in an appeal to the district court. The Justice's Court accepted this conditional plea and found Marber guilty as charged. Marber appealed to the district court and filed a motion to dismiss on the ground that the mandatory helmet law is unconstitutional. Marber contended that NRS 486.231 violated his right to privacy, to equal protection of the law, and to due process of the law. The district court granted the motion to dismiss and held NRS 486.231 unconstitutional. The district court found that NRS 486.231 violated Marber's right to privacy, to equal protection, and constituted an enactment in excess of the State's police powers. This petition followed.

The State of Nevada, has filed the present petition for a writ of certiorari contending that NRS 448.231 is constitutional. We agree. Having considered the petition, we conclude that the district court erred in its application of constitutional principles and declaration that NRS 448.231 is unconstitutional. For the reasons set forth below, we grant a writ of certiorari.

In considering the constitutionality of a duly enacted statute, we have held:

> Initially, we reiterate the heavy burden appellants must bear to overcome the presumption of constitutional validity which every legislative enactment enjoys. We recently stated in *List v. Whisler,* 99 Nev. 133, 137-38, 660 P.2d 104, 106 (1983), that:
>
> Our analysis . . . begins with the presumption of constitutional validity which clothes statutes enacted by the Legislature. *Viale v. Foley,* 76 Nev. 149, 152, 350 P.2d 721 (1960). All acts passed by the Legislature are presumed to be valid until the contrary is clearly established. *Hard v. Depaoli, et al.,* 56 Nev. 19, 26, 41 P.2d 1054 (1935). [. . .] Further, the presumption of constitutional validity places upon those attacking a statute the burden of making a clear showing that the statute is unconstitutional. [Citations omitted.]
>
> Moreover, when considering the validity of legislation which is under equal protection and due process attack, the state

---

local authority, the driver and passenger are not required to wear the protective devices provided for in this section.

5. When a three-wheel motorcycle, on which the driver and passengers ride within an enclosed cab, is being driven on a highway, the driver and passengers are not required to wear the protective devices required by this section.

enjoys a wide range of discretion to make reasonable classifications for enacting laws over matters within its jurisdiction. *Graham v. Richardson*, 403 U.S. 365, 371 (1971).

*Allen v. State,* 100 Nev. 130, 676 P.2d 792 (1984).

The constitutionality of mandatory helmet laws has been challenged in numerous state courts. *See,* Love v. Bell, 465 P.2d 118 (Colo. 1970). The overwhelming majority uphold, as we do now, the constitutionality of the law.

## THE RIGHT TO PRIVACY

Marber first suggests that NRS 486.231 violates his "right to be let alone" as guaranteed by the Ninth Amendment of the United States Constitution and this State's equivalent, Article 1, Section 20 of the Nevada Constitution. Marber's primary authority for this proposition is Griswold v. Connecticut, 381 U.S. 479 (1965). As the court in Bisenius v. Karns, 165 N.W.2d 377 (Wis. 1969) stated, this right to be left alone does not include the right to do "one's thing" on an expressway. *See Griswold, supra;* Kelly v. Johnson, 425 U.S. 238 (1976); Roe v. Wade, 410 U.S. 113 (1973); Eisenstadt v. Baird, 405 U.S. 438 (1972). The court in *Bisenius v. Karns, supra,* said:

> There is no place where any such right to be let alone would be less assertable than on a modern highway with cars, trucks, busses and cycles whizzing by at sixty or seventy miles an hour. When one ventures onto such a highway, he must be expected and required to conform to public safety regulations and controls, including some that would neither have been necessary nor reasonable in the era of horse-drawn vehicles.

NRS 486.231 does not violate Marber's right to privacy. The district court erred in so holding.

## THE EQUAL PROTECTION OF THE LAWS

Marber next contends that NRS 486.231 violates his rights to equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution, and Article 1, § 1 and Article IV, § 21 of the Nevada Constitution. Marber argues that there is no rational basis for the law. The district court found that there was an unreasonable classification and that, therefore, the helmet law violated the equal protection clause of the Fourteenth Amendment.

The mandatory helmet law is not based on any invidious discrimination such as race, alienage, or religion. Nor is a

fundamental right involved. In the area of social and economic legislation, the constitutionality of the statute will be upheld against a Fourteenth Amendment challenge if the law is reasonable, not arbitrary, and bears a rational relationship to a legitimate state purpose. New Orleans v. Dukes, 427 U.S. 297 (1975); Village of Belle Terre v. Boraas, 416 U.S. 1 (1973). The Fourteenth Amendment of the United States Constitution permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. McGowan v. Maryland, 366 U.S. 420 (1960). If any state of facts may reasonably be conceived to justify it, a statutory discrimination will not be set aside. *Id.*

There are differences in the physical characteristics of automobiles and motorcycles. Differences in the handling and operation of motorcycles require different skills and produce different consequences should an accident occur. These factors justify the classification and disparate treatment of motorcyclists.

The State's interests in enacting mandatory helmet laws are to promote the health, safety and general welfare of the public. Courts and commentators have articulated and advanced several theories to explain these interests. *See* State of Hawaii v. Cotton, 516 P.2d 729 (Hawaii 1973). Evidence in the record indicates that without a mandatory helmet law medical costs in Nevada would be increased by over one-half million dollars each year and that two-thirds of these costs would be borne by the general public. Evidence also indicates that mandatory helmet laws significantly reduce the number of motorcycle fatalities per year. Even though this evidence may have been subject to legitimate question by those who opposed passage of the Nevada law, our Legislature was entitled to act upon it. The State's interest in reducing the severity of injuries to motorcyclists, the financial protection of the public from increased costs due to motorcycle accidents and the promotion of highway safety are legitimate state interests. The mandatory helmet law is rationally related to the State's objectives.

NRS 486.231 does not violate Marber's right to the equal protection of the law. The district court erred in so holding.

## THE POLICE POWERS OF THE STATE

The district court held that NRS 486.231 violated the Due Process Clause of the Fourteenth Amendment because the statute exceeds the scope of the State's police powers. The basis of the court's holding is that the proper function of the legislature does not include the duty of the government to protect an individual from himself.

The authority to provide for health, safety and welfare of the citizen is inherent in the police power of the State without any express statutory or constitutional provision. Ex Parte Boyce, 27 Nev. 299, 75 P. 1 (1904). Although the police power cannot justify the enactment of unreasonable, unjust or oppressive laws, it may legitimately be exercised for the purpose of preserving, conserving and improving public health, safety, morals and general welfare. Ormsby County v. Kearney, 37 Nev. 314, 142 P. 803 (1914). In exercising its police powers, the legislature may, where public interest demands, define and declare public offenses, although the effect is to restrict or regulate the use and enjoyment of private property. State v. Park, 42 Nev. 386, 178 P. 389 (1919).

[Headnotes 8–9]

While Checker, Inc. v. Public Serv. Comm'n, 84 Nev. 623, 446 P.2d 981 (1968), dealt with the legislature's authority to regulate taxicabs, the same general principles are equally applicable in the instant case. Public highways are public property. There is no vested right in highways. *Id.* Unrestrained use of highways is equivalent to appropriation of public property for private use, and the legislature may prohibit the use or prescribe the terms upon which it may be exercised. This legislative power is founded upon the police power of the state. *Id.*

A mandatory helmet law is within the police power of the state because reducing the severity of injuries to motorcyclists has an impact beyond attempting to protect the motorcyclist from himself. Requiring motorcyclists to wear protective headgear while using the public highways is permissible since it is rationally related to a legitimate state purpose. The mandatory helmet law does not violate any of Marber's constitutional rights. The district court erred in declaring NRS 486.231 unconstitutional.

We have reviewed Marber's remaining contentions and conclude that they are without merit. Accordingly, we grant the petition for a writ of certiorari, and declare that NRS 486.231 is constitutional. The district court's order and judgment is vacated. The case is remanded to the district court with instructions to reinstate the judgment of conviction pursuant to Marber's plea of nolo contendere.