MEMORANDUM **
Foothills of Fernley, LLC (“Foothills”) appeals from the district court’s grant of *111 summary judgment to the City of Fernley and individual municipal defendants (“City”). This suit arose after the City passed two municipal ordinances in quick succession (Bill 43 and 59), that changed the in-lieu of fee and dedication requirements respectively for City water. Foothills, a Nevada-based developer, claims that Bill 59 violated its equal protection and due process rights under both the United States and Nevada constitutions. Foothills also claims that the City impermissibly applied Bill 59 retroactively and that Bills 43 and 59 are unenforceable because the City failed to comply with procedural requirements for adopting a local ordinance as imposed by Nev.Rev.Stat. chapter 266 and Nev.Rev.Stat. chapter 237. Foothills also argues that the district court erred in raising sua sponte whether the applicable statute of limitations barred Foothills’ state law claims and in granting sua sponte summary judgment to the City. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, Mendez v. County of San Bernardino, 540 F.3d 1109, 1123 (9th Cir.2008), and we affirm.
1. Because the change in the fee for City water did not implicate a suspect class or fundamental right and was rationally related to a legitimate government interest, Foothills’ equal protection claims under the United States and Nevada Constitutions are not meritorious. See Heller v. Doe, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); Zamora v. Price, 213 P.3d 490, 495 (Nev.2009). The district court therefore properly granted summary judgment on these claims to the city.
2. Furthermore, the district court properly granted the City summary judg-r ment as to Foothills’ substantive due process claims. The change in water fee and access was reasonably related to a legitimate government purpose, and the City did not deprive Foothills of its substantive due process rights. See Richardson v. City & County of Honolulu, 124 F.3d 1150, 1162 (9th Cir.1997); Arata v. Faubion, 123 Nev. 153, 161 P.3d 244, 249 (2007).
3. Foothills’ procedural due process claims under the United States and Nevada constitutions and retroactivity claim fail because Foothills failed to establish that it had a property interest in water at the Bill 43 rate. See Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir.2008); Am. W. Dev., Inc. v. City of Henderson, 111 Nev. 804, 898 P.2d 110, 112 (1995) (holding that “[i]n order for rights in a proposed development project to vest, zoning or use approvals must not be subject to further governmental discretionary action affecting project commencement, and the developer must prove considerable reliance on the approvals granted”). Accordingly, the district court properly granted the City summary judgment on Foothills’ procedural due process and retroactivity claims.
4. The district court did not err in raising the statute of limitations issue because the City had not waived the defense. Importantly, the issue was fully addressed by the parties in supplemental briefs and in argument before the court. As a result, Foothills suffered no prejudice when the district court raised the statute of limitations issue when considering Foothills’ motions for summary judgment. See Magana v. Commonwealth of the N. Mariana Islands, 107 F.3d 1436, 1446 (9th Cir.1997). Because the City adopted Bills 43 and 59 pursuant to its authority under Nev.Rev.Stat. § 278.020, the district court correctly determined that the twenty-five day statute of limitations under Nev.Rev. Stat. § 278.0235 barred all of Foothills’ state law claims. We thus conclude that the district court properly granted the *112 City summary judgment as to Foothills’ state law claims.
5. This court has consistently held that “a district court may enter summary judgment sua sponte against a non moving party if the losing party has had a ‘full and fair opportunity to ventilate the issues involved in the matter.’ ” Gospel Missions of Am. v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir.2003) (quoting Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982)). Foothills had “a full and fair opportunity to ventilate the issues involved.” Id. The district court did not commit reversible error by acting sua sponte.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.