PEDRO AGUILAR-RAYGOZA, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 54667

June 2, 2011                                                 255 P.3d 262

*Jeremy T. Bosler*, Public Defender, and *Cheryl Bond*, Deputy Public Defender, Washoe County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Joseph R. Plater*, Deputy District Attorney, Washoe County, for Respondent.

Before CHERRY, GIBBONS and PICKERING, JJ.

## OPINION

By the Court, CHERRY, J.:

In this appeal, we consider whether it is unconstitutional to deny to defendants who exercise their right to a jury trial eligibility for the alcohol treatment diversion program set forth in NRS 484C.340.[1] Appellant Pedro Aguilar-Raygoza argues that NRS 484C.340 is patently unconstitutional because it impermissibly burdens exercise of the right to a trial and treats defendants differently based on their exercise of that constitutional right in violation of due process and equal protection. We conclude that the provisions of NRS 484C.340 are constitutional and that, as the law is written, Aguilar-Raygoza is not eligible for the diversion program.

### FACTS

The State charged Aguilar-Raygoza, by way of information, with his third offense of driving under the influence, a felony. *See* NRS 484C.110; NRS 484C.400(1)(c). Aguilar-Raygoza pleaded not guilty and went to trial, where a jury convicted him. Prior to the sentencing hearing, Aguilar-Raygoza requested to enter an alcohol treatment program as set forth in NRS 484C.340. The district court subsequently held a hearing to determine his eligibility for the program. At that hearing, Aguilar-Raygoza argued that he was a suitable candidate for the program and that the statute's requirement that he must enter a guilty plea to be eligible for treatment was unconstitutional because it penalized him for exercising his fundamental right to a jury trial and deprived him of the equal protection of the law.

The district court determined that while there is a fundamental right to a jury trial for serious criminal offenses, there is no fundamental right to participate in the alcohol treatment diversion program provided in NRS 484C.340. *See Blanton v. North Las Vegas*, 489 U.S. 538, 541-43 (1989) (drawing a distinction between "petty" and "serious" offenses with respect to whether there is a Sixth Amendment right to a jury trial). The district court analyzed

---

[1]The parties refer to the statute in question as NRS 484.37941, but it was renumbered NRS 484C.340 after the parties filed their briefs. As such, we will refer to it as NRS 484C.340.

NRS 484C.340 under a rational basis review and found that the statute is constitutional because it does not significantly interfere with a defendant's fundamental right to a jury trial. The district court then concluded that Aguilar-Raygoza was ineligible for the alcohol treatment program because he had elected to go to trial rather than plead guilty or nolo contendere. The district court sentenced Aguilar-Raygoza to 30 months in prison and ordered him to pay a $2,000 fine. This appeal followed.

## DISCUSSION

The constitutionality of a statute is a question of law, which this court reviews de novo. *Collins v. State*, 125 Nev. 60, 62, 203 P.3d 90, 91 (2009). Because statutes are presumed to be valid, Aguilar-Raygoza bears the heavy burden of demonstrating that NRS 484C.340 is unconstitutional. *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557, 170 P.3d 508, 512 (2007).

Under NRS 484C.340, a defendant who pleads guilty or nolo contendere to his first felony DUI that is punishable under NRS 484C.400(1)(c) may apply to the court to undergo a program of treatment for alcoholism or drug abuse.[2] The State may "request a hearing on the matter" and "present the court with any relevant evidence." NRS 484C.340(2), (3). The court has discretion to deny the application and sentence the defendant pursuant to NRS 484C.400(1)(c). *See* NRS 484C.340(1), (4). If the court decides to grant the application,

> the court shall: . . . [i]mmediately, without entering a judgment of conviction . . . suspend further proceedings and place the offender on probation for not more than 5 years upon the condition that the offender be accepted for treatment by a treatment facility, that the offender complete the treatment satisfactorily and that the offender comply with any other condition ordered by the court.

NRS 484C.340(4)(a). If a defendant completes the treatment satisfactorily, the district court will enter a judgment of conviction for a second-offense DUI, a misdemeanor, under NRS 484C.400. NRS 484C.340(4)(b)(3); NRS 484C.400(1)(b). But if a defendant is not accepted for treatment, fails to satisfactorily complete treatment, or violates a court-imposed condition, the court will enter a judgment of conviction and sentence the defendant to prison time consistent with NRS 484C.400(1)(c) for a felony DUI. NRS 484C.340(4)(b)(2), (5)(b).

---

[2]The statute excludes defendants who have previously applied to receive treatment under the statute and defendants who have certain prior DUI convictions. NRS 484C.340(7).

Aguilar-Raygoza argues that NRS 484C.340 places an unconstitutional burden on his right to a trial by conditioning his eligibility for a diversion program upon the waiver of that right and violates due process and equal protection by treating defendants differently based on their exercise or waiver of that right. We disagree.

*Burden on exercise of constitutional rights*

Relying primarily on *United States v. Jackson*, 390 U.S. 570 (1968), Aguilar-Raygoza argues that NRS 484C.340 penalizes defendants who exercise their constitutional right to a jury trial by withholding eligibility for a treatment program. The State argues that the statutory scheme provides a benefit for a guilty or nolo contendere plea that does not unconstitutionally burden a defendant's constitutional rights, similar to the statute upheld by the United States Supreme Court in *Corbitt v. New Jersey*, 439 U.S. 212 (1978). We agree with the State.

In *Jackson*, the Court was asked to decide whether the United States Constitution permits the establishment of a death penalty that is applicable only to those defendants who assert the right to contest their guilt before a jury, given that such a scheme discourages defendants from exercising their right to a trial. 390 U.S. at 581. Under the federal statute challenged in *Jackson*, a death sentence could be imposed for kidnapping only upon a jury recommendation, whereas the maximum penalty for defendants who pleaded guilty or executed a jury waiver was life imprisonment. *Id.* at 572-81. The Court explained that "[i]f the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional." *Id.* at 581. In evaluating the provision's purpose, the Court acknowledged that it could "be viewed as ameliorating the severity of the more extreme punishment" by limiting the death penalty to cases in which a jury recommends that penalty and that such a goal "is an entirely legitimate one." *Id.* at 582. But the Court explained that Congress could not achieve that goal "by means that needlessly chill the exercise of basic constitutional rights" and therefore "the question is whether that [chilling] effect is unnecessary and therefore excessive." *Id.* The Court then concluded that the challenged provision achieved its goal in a manner that needlessly penalized the assertion of the constitutional right to a jury trial. *Id.* at 582-83. The Court thus invalidated the death-penalty provision in the statute. *Id.* at 583, 591.

The Supreme Court later went on to distinguish *Jackson* in *Corbitt*. There, the Court rejected a claim that a New Jersey statute placed an unconstitutional burden on the exercise of the

rights to a trial and against self-incrimination by allowing a judge to choose between a mandatory life sentence and a lesser sentence for a defendant who pleaded *non vult* (*i.e.*, nolo contendere) to a murder indictment, whereas a defendant who proceeded to trial would be sentenced based on the degree of murder found by the jury, with a first-degree murder verdict carrying a mandatory life sentence. 439 U.S. at 214-15, 218. Relying on *Jackson*, the defendant complained that the statute burdened his constitutional rights by providing more flexibility in the sentencing of a defendant who chose to forgo a trial. *Id.* at 218. In distinguishing *Jackson*, the Court noted that "the pressures to forgo trial and to plead to the charge in this case are not what they were in *Jackson*" for two reasons. *Id.* at 217. First, unlike in *Jackson*, the death penalty was not involved, and second, unlike in *Jackson*, pleading *non vult* would not avoid any risk of suffering the maximum penalty because the judge accepting the *non vult* plea still had authority to impose a life sentence. *Id.* The Court further explained that based on the tolerance for and encouragement of plea negotiations that offer substantial benefits in exchange for a plea, *id.* at 218-21, its cases since *Jackson* "clearly established that not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Id.* at 218. The Court also noted that there was "no element of retaliation or vindictiveness against Corbitt for going to trial" and that "withholding the possibility of leniency from [those who choose to go to trial] cannot be equated with impermissible punishment as long as our cases sustaining plea bargaining remain undisturbed." *Id.* at 223-24. The Court in *Corbitt* thus recognized that defendants are often put to difficult choices because the criminal justice system offers opportunities to minimize risks by waiving constitutional rights but that those difficult choices are permissible so long as the encouragement does not unnecessarily burden the exercise of the right.

In summarizing *Corbitt* and the other relevant cases in this line of authority in the context of an alleged violation of the right against self-incrimination, we have noted that many courts distinguish between an act of leniency and a penalty—a distinction that is based on the accepted use of plea bargaining and the practice of granting leniency in sentencing to those defendants who accept responsibility:

> Several courts have distinguished between a denied benefit (an act of leniency) and a penalty (a harsher sentence) and have concluded that denial of a sentencing reduction based on a defendant's refusal to accept responsibility for his actions does not constitute a penalty nor a sentence enhancement and thus does not violate the [United States Constitution]. These deci-

sions rely on a line of United States Supreme Court cases upholding plea bargains and rejecting claims that offers of lower sentences in exchange for guilty pleas impermissibly compel defendants to incriminate themselves as well as on the long-standing practice of sentencing more leniently those defendants who evidence contrition.

*Dzul v. State*, 118 Nev. 681, 692, 56 P.3d 875, 882-83 (2002).

We conclude that the possibility of entering an alcohol treatment program provided in NRS 484C.340 is a form of leniency that is available in exchange for a plea of guilty or nolo contendere and is not an unconstitutional penalty for refusing to enter such a plea or a burden on the exercise of constitutional rights. Here, as in *Corbitt*, the pressures on Aguilar-Raygoza to forgo trial and to plead to the charge are not what they were in *Jackson* for two reasons. First, the death penalty is not a possibility. Second, the maximum punishment for felony DUI is not reserved only for those who insist on a jury trial; the defendant who abandons the right to a jury trial is not assured that he will not be sentenced to imprisonment under NRS 484C.400(1)(c). The defendant who pleads guilty or nolo contendere still must qualify for a treatment program and, even if the defendant qualifies for a treatment program, the judge accepting the plea has the authority to deny the application for treatment and sentence the defendant to imprisonment for the same term as a defendant who has been convicted upon a jury verdict. NRS 484C.340; NRS 484C.400(1)(c); *see also Picetti v. State*, 124 Nev. 782, 794, 192 P.3d 704, 712 (2008) ("[T]he provisions set forth in NRS [484C.340] . . . merely give the district court discretion to allow a defendant to complete a treatment program in order to obtain a conviction and sentence for a lesser offense."). And we see no reason to believe that NRS 484C.340 "exerts such a powerful influence to coerce inaccurate pleas [of guilty or nolo contendere] that it should be deemed constitutionally suspect," *Corbitt*, 439 U.S. at 225; rather, the choice confronting a defendant charged with felony DUI gives rise to no more compulsion than that present in a typical plea bargain. Nor is there any reason to conclude that NRS 484C.340 was intended to punish defendants who insist on going to trial. Like the possibility of probation at issue in *Dzul*, the availability of a treatment program for defendants who accept responsibility "is consistent with the historical practice and understanding that a sentence imposed upon a defendant may be shorter if rehabilitation looks more certain and that confession and contrition are the first steps along the road to rehabilitation." 118 Nev. at 693, 56 P.3d at 883. While Aguilar-Raygoza "was not given a benefit that may be extended to defendants who accept responsibility for their wrongs," *id.*, we conclude

that the deprivation of that benefit does not place an unconstitutional burden on his constitutional rights.[3]

*Equal protection challenge*

Aguilar-Raygoza also contends that NRS 484C.340 violates the Equal Protection Clause of the United States Constitution.[4] Again, we disagree.

The Fourteenth Amendment to the United States Constitution provides that no State may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection of the law "has long been recognized to mean that no class of persons shall be denied the same protection of the law which is enjoyed by other classes in like circumstances." *Allen v. State, Pub. Emp. Ret. Bd.*, 100 Nev. 130, 135, 676 P.2d 792, 795 (1984). According to Aguilar-Raygoza, NRS 484C.340 is subject to strict scrutiny because it penalizes him for exercising his right to a trial in that he was made ineligible for a treatment program and the possibility of a lesser sentence and conviction that comes with successful completion of a treatment program. *See Arata v. Faubion*, 123 Nev. 153, 159, 161 P.3d 244, 248 (2007) (explaining that the level of scrutiny depends on whether the challenged statute infringes on a fundamental right or discriminates against a suspect class). We disagree.

Aguilar-Raygoza's equal protection challenge fails under the holding in *Corbitt*. All defendants charged with felony DUI under NRS 484C.400(1)(c) have the same choice. Those choosing to proceed to trial face a certainty of prison time if convicted, but they may be acquitted instead. Those choosing to enter a plea of guilty

---

[3]We acknowledge that unlike the provisions at issue in *Corbitt*, NRS 484C.340 offers a benefit to defendants who plead guilty that is not available to defendants who insist on going to trial. We are not convinced, however, that this distinction turns NRS 484C.340 into an unconstitutional burden on the exercise of the right to a jury trial.

[4]Additionally, Aguilar-Raygoza argues that NRS 484C.340 violates the Due Process Clause of the United States Constitution. The Fourteenth Amendment to the United States Constitution provides that the State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. "Substantive due process guarantees that no person shall be deprived of life, liberty or property for arbitrary reasons." *Matter of Guardianship of L.S. & H.S.*, 120 Nev. 157, 166, 87 P.3d 521, 527 (2004) (internal quotations and citations omitted). Here, Aguilar-Raygoza was charged with felony DUI, chose to go to trial, and was convicted by a jury based on evidence that proved his guilt beyond a reasonable doubt. Based on that conviction, he was lawfully sentenced pursuant to the provisions of NRS 484C.400(1)(c). NRS 484C.340 did not operate to deprive Aguilar-Raygoza of life, liberty, or property without due process of law or for arbitrary reasons.

or nolo contendere forgo the possibility of an acquittal and face the same prison sentence, but they gain the possibility of leniency in the form of diversion to a treatment program: Aguilar-Raygoza was not penalized for exercising his right to a trial—regardless of whether he entered a plea or went to trial, either action required him to give up the chance of a possible outcome. Aguilar-Raygoza freely made the choice to go to trial. As the Supreme Court observed in *Corbitt*, "[e]qual protection does not free those who made a bad assessment of risks or a bad choice from the consequences of their decision." 439 U.S. at 226. We cannot conclude that, as a result of NRS 484C.340, those who choose to go to trial are "denied the same protection of the law which is enjoyed by other classes in like circumstances." *Allen*, 100 Nev. at 135, 676 P.2d at 795. Because the statute does not penalize a defendant for exercising the fundamental right to a jury trial, it is not subject to strict scrutiny. And we conclude that the statute is rationally related to a legitimate governmental purpose. *See Arata*, 123 Nev. at 159, 161 P.3d at 248 (explaining the level of scrutiny that applies in the absence of impingement on fundamental rights or a suspect classification). In particular, the statute furthers the legitimate governmental purpose of extending a proper degree of leniency in return for a guilty plea, which conserves scarce prosecutorial resources.[5] *See Corbitt*, 439 U.S. at 221-23 & n.12. Consequently, Aguilar-Raygoza's equal-protection claim must fail.

Accordingly, we conclude that the portion of NRS 484C.340 at issue is constitutional, and the district court did not err in denying Aguilar-Raygoza's request to be considered for the treatment program. Therefore, we affirm the judgment of conviction.

GIBBONS and PICKERING, JJ., concur.

---

[5]We recognize that the Legislature focused primarily on the reduced recidivism rates and savings in incarceration costs produced by a pilot DUI treatment program in Clark County, Nevada, when adopting NRS 484C.340, but courts are not limited to only considering justifications asserted by the Legislature, as any conceivable rational basis for enactment of the statute at issue will suffice. *Sereika v. State*, 114 Nev. 142, 149, 955 P.2d 175, 179 (1998). It may be that similar decreases in recidivism and incarceration costs would be realized by allowing defendants who are convicted after a jury trial to apply for a treatment program. But because there is no constitutional violation in failing to do so, it is for the Legislature to decide whether this program should be available to all defendants charged with felony DUI regardless of how they plead. *See Clark County v. Sun State Properties*, 119 Nev. 329, 340, 72 P.3d 954, 961 (2003) (stating that "[i]f the statute results in unfairness, it is for the Legislature, not this court, to change the statutory scheme").