An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HANK ZABALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61376

FILED

MAY 1 5 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession or control of a dangerous weapon or facsimile thereof by an incarcerated person. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

First, appellant Hank Zabala contends that insufficient evidence was adduced to support the jury's verdict. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Deputy Blake Lux of the Washoe County Sheriff's Office testified that during a search of Zabala's individual cell, he found two jail-issued "golf" pencils, approximately three inches long, altered by the addition of hand extensions. A photograph was admitted as an exhibit. Deputy Lux stated that he was concerned about the discovery of the "pencil extenders" because "[t]hey can be used as a stabbing instrument." Deputy Josh Iveson testified that based on his training and experience, the pencil extenders found in Zabala's cell were cause for concern because there was "a tremendous amount of lead exposed at the end" and they

were "in an extreme condition and would be easily used as a weapon more so than the typical extender on a normal golf pencil."

Deputy Lux also discovered, hidden from plain view, an item which he described as approximately eleven inches long, made from a rolled-up magazine and "toilet paper that was wetted, hardened, like squeezed to make smaller . . . wrapped around with packing tape holding it together." The item was "very hard," he "couldn't bend it," and based on his training, Deputy Lux identified it as an illegal billy, stating, "[y]ou can strike somebody with it, [and] use it as a choking instrument." Deputies Paul Poljak and Lux both testified that a billy, "basically," is a club. Deputy Iveson testified that the billy was "pretty well made" and "dangerous." A photograph of the billy was admitted as an exhibit. Deputy Lux testified that inmates were not allowed to have pencil extenders or billies in their cells, so they were confiscated as contraband and booked into evidence.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 212.185(1)(a) & (c). Therefore, we conclude that Zabala's contention is without merit.

Second, Zabala contends that NRS 212.185(1)(a) & (c) are unconstitutionally vague because "[a] reasonable person reading [the statute] would not have notice that a rolled up magazine constituted a

'billy,' or that a jail-issued golf pencil constituted a 'sharp instrument.'" We disagree with Zabala's contention.

"The constitutionality of a statute is a question of law, which this court reviews de novo." *Aguilar-Raygoza v. State*, 127 Nev. ___, ___, 255 P.3d 262, 264 (2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 551 (2011). A statute is unconstitutionally vague "(1) if it fails to provide a person of ordinary intelligence fair notice of what is prohibited; or (2) if it is so standardless that it authorizes or encourages seriously discriminatory enforcement." *State v. Castaneda*, 126 Nev. ___, ___, 245 P.3d 550, 553 (2010) (internal quotation marks omitted). Statutes are presumed to be valid and the challenger bears the burden of demonstrating their unconstitutionality. *Nelson v. State*, 123 Nev. 534, 540, 170 P.3d 517, 522 (2007).

Zabala was charged, pursuant to NRS 212.185(1)(a) & (c), with "being a person incarcerated" and having "in his possession and/or under his dominion and control, a 'billy' or other similar weapon, instrument or device and/or a sharp instrument capable of being used as a weapon." The statute is not vague because a person of ordinary intelligence has fair notice that possession by an inmate of a rolled-up magazine and golf pencils, altered in the manner described above, is forbidden. Further, Zabala fails to demonstrate that the statute encourages discriminatory and arbitrary enforcement. Therefore, we conclude that Zabala failed to satisfy his burden and demonstrate that the statute is unconstitutional.

Third, Zabala contends that the district court erred by rejecting his two proposed instructions defining "billy."[1]  We disagree. "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009).  Here, the district court rejected Zabala's proposed instructions after noting that the jury was "properly instructed on the elements of the offense" and that "the term has been the subject of testimony which is for the jury to consider." As noted above, two deputies testified that a billy, "basically," is a club. Further, Zabala's proposed instructions were misleading.  *See Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (defendant not entitled to misleading or inaccurate jury instructions).  We conclude that the district court did not abuse its discretion by rejecting Zabala's proposed instructions.  Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Rejected instruction no. 1:  "'Billy' is defined as a heavy, usually wooden club."  Rejected instruction no. 2:  "'Billy' is defined as a tin or enamel cooking pot with a lid and a wire handle, for use when camping or a heavy, usually wooden club."

cc:     Hon. Brent T. Adams, District Judge
         Washoe County Public Defender
         Attorney General/Carson City
         Washoe County District Attorney
         Washoe District Court Clerk