# IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICK JASON WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69661



FILED

MAY 2 6 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of promotion of sexual performance of a minor. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Patrick Williams was charged with multiple counts of possession of child pornography and one count of promotion of sexual performance of a minor. Williams pleaded guilty to the one count of promotion of sexual performance of a minor in exchange for the State's agreement to follow the sentencing guidelines of NRS 200.750(1) instead of NRS 200.750(2).

Pursuant to NRS 176.139(1), "[i]f a defendant is convicted of a sexual offense for which the suspension of sentence or the granting of probation is permitted, the Division shall arrange for a psychosexual evaluation of the defendant as part of the Division's presentence investigation and report to the court." The evaluation must be conducted by a qualified professional who uses diagnostic tools that are generally accepted within the standard of care for the evaluation of sex offenders. NRS 176.139(2)-(3). Further, pursuant to NRS 176A.110(1)(a), the evaluation must certify whether the defendant is a high risk to reoffend.

Due to the nature of Williams' crime, a psychosexual evaluation was required. Dr. Sheri Hixon-Brenenstall conducted this

evaluation, concluding that Williams was a high risk to reoffend. Prior to sentencing, Williams filed a motion to strike the Hixon-Brenenstall Evaluation. According to Williams, the Hixon-Brenenstall Evaluation did not properly assess his risk to reoffend because no standardized tool for risk assessment exists specifically for child pornography offenders. He also employed Dr. Melissa Piasecki to conduct an independent evaluation, which classified him as a low risk to reoffend.

Ultimately, the district court denied Williams' motion to strike the Hixon-Brenenstall Evaluation. However, the court noted it would consider both evaluations for sentencing, as well as other relevant factors. Thereafter, the court sentenced Williams to life in prison with the eligibility of parole after serving a minimum of five years. This appeal follows.

First, Williams challenges the constitutionality of NRS 176A.110 and NRS 176.139 as applied to this case. In particular, Williams contends that requiring risk assessments, pursuant to NRS 176A.110 and NRS 176.139, violated his substantive due process and equal protection rights under the United States and Nevada Constitutions. We disagree.

This court reviews a challenge to the constitutionality of a statute de novo. *Aguilar-Raygoza v. State*, 127 Nev. 349, 352, 255 P.3d 262, 264 (2011). "Because statutes are presumed to be valid, [the challenger] bears the heavy burden of demonstrating that [the statute] is unconstitutional." *Id.* If no objection was raised at trial, as is the case here, this court may address a plain error affecting the defendant's substantial rights. *See Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161-62 (2008).

Supreme Court
OF
Nevada

(O) 1947A

2

"Substantive due process guarantees that no person shall be deprived of life, liberty or property for arbitrary reasons." *Aguilar-Raygoza*, 127 Nev. at 356 n.4, 255 P.3d at 267 n.4 (internal quotation marks omitted). Moreover, "[e]qual protection of the law has long been recognized to mean that no class of persons shall be denied the same protection of the law which is enjoyed by other classes in like circumstances." *Id.* at 356, 255 P.3d at 267 (internal quotation marks omitted). For both substantive due process and equal protection challenges, rational basis review applies where a fundamental right is not burdened and a suspect class is not involved. *Zamora v. Price*, 125 Nev. 388, 395-96, 213 P.3d 490, 495 (2009) (equal protection); *see State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 501, 306 P.3d 369, 375-76 (2013) (due process); *Arata v. Faubion*, 123 Nev. 153, 159, 161 P.3d 244, 248 (2007) (both).

Here, Williams neither demonstrates that he belongs to a suspect class as a sex offender nor establishes that his fundamental rights were burdened. Further, Williams does not demonstrate how his status as a child pornography offender affords him constitutional protections distinct from other sex offenders. It is well-established that the government has a "compelling interest in protecting the physical and psychological well-being of minors." *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989); *see also Herring v. State*, 100 So. 3d 616, 625 (Ala. Crim. App. 2011); *State v. Evenson*, 33 P.3d 780, 784 (Ariz. Ct. App. 2001); *Jones v. State*, 640 So. 2d 1084, 1086 (Fla. 1994). Thus, the objective of protecting children by assessing whether a child pornography offender or another sex offender has a high risk to reoffend is more than a

mere rational basis; it is a compelling state interest. As a result, Williams' constitutionality challenges lack merit.

Next, Williams contends that the district court abused its discretion when it considered the Hixon-Brenenstall Evaluation during sentencing. We disagree.

This court reviews a district court's acceptance of a psychosexual evaluation during sentencing for an abuse of discretion. *Blackburn v. State*, 129 Nev. 92, 98, 294 P.3d 422, 427 (2013). An appellant must demonstrate "that the district court relied solely on impalpable or highly suspect evidence to render the court's sentencing decision invalid." *Id.* Prior to accepting a psychosexual evaluation, the district court must determine whether the evaluator was qualified pursuant to NRS 176.139(2) and whether the evaluation conforms to currently accepted standards of assessment. *Id.* "In making these determinations, the court . . . must articulate specific findings [to permit] this court [to] properly review its reasoning." *Id.* Moreover, we have noted that the high volume of psychometric instruments available to experts within the field of mental health all qualify as diagnostic tools. *Id.* at 98, 294 P.3d at 426. Additionally, "NRS 176A.110 and NRS 176.139 do not mandate reliance on actuarial tools alone, and a clinician may rely on his or her professional opinion in conducting a psychosexual evaluation." *Id.*

As a preliminary matter, we note that the district court did not assert specific findings, pursuant to *Blackburn*, regarding the deviation between the Hixon-Brenenstall Evaluation and the Piasecki Evaluation or its overall acceptance of both evaluations. However, an

independent review of the record demonstrates that the Hixon-Brenenstall Evaluation adheres to the requirements outlined in *Blackburn*.

As asserted by the district court, while there is no standardized tool for risk assessment specifically for child pornography offenders, Dr. Hixon-Brenenstall used accepted evaluation instruments within her field. An evaluation instrument can still present scientific value, so long as it is accepted within the standard of care for the evaluation of sex offenders. In addition, Dr. Hixon-Brenenstall relied upon her professional opinion in conducting the evaluation, which is permissible under *Blackburn*. Further, the district court did not rely solely on the Hixon-Brenenstall Evaluation and instead considered the Piasecki Evaluation as well, in addition to other factors. In particular, the court reviewed the entire record and considered the harm to the victims, the nature and severity of the crime, and Williams' choice to use a system that shared child pornography with others and encrypted data to avoid detection. Finally, the sentence did not exceed the scope of what the court was statutorily permitted to give; the court was not required to grant probation in this case. Williams has not established that the district court relied solely on impalpable or highly suspect evidence, and thus, the district court did not abuse its discretion. Based on the foregoing, we

 

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. James Todd Russell, District Judge
        State Public Defender/Carson City
        Attorney General/Carson City
        Carson City District Attorney
        Carson City Clerk