STEVE FRANCIS ZAMORA, APPELLANT, *v.*
TYSHAE PRICE, RESPONDENT.

No. 51321

August 6, 2009 213 P.3d 490

[Rehearing denied September 24, 2009]

*Keith B. Gibson*, Las Vegas, for Appellant.

*Weiss Weiss Newark & Newark* and *Matthew Dion* and *James G. Christensen*, Las Vegas, for Respondent.

Before CHERRY, SAITTA and GIBBONS, JJ.

## OPINION

By the Court, CHERRY, J.:

In this appeal, we consider the constitutionality of NRS 38.259(2), which requires that, when a party requests a new trial at the conclusion of mandatory nonbinding arbitration proceedings in a short trial matter, the arbitrator's findings must be admitted during the new trial. Specifically, we address whether the admission of this arbitration award deprives a party of the constitutional right to a jury trial and whether it violates equal protection rights. For the reasons set forth below, we conclude that NRS 38.259(2)'s requirement that the arbitration award be admitted at the new trial does not violate a party's constitutional right to a jury trial or a party's right to equal protection under the law.

### PROCEDURAL HISTORY

The procedural history of this case is straightforward. Respondent Tyshae Price filed a complaint in district court against appellant Steve Zamora, asserting tort claims arising out of an automobile accident. Because the amount at issue in the suit was less than $40,000, the case was referred to Nevada's nonbinding arbitration program as mandated by NRS 38.250(1).[1] After a hearing, the arbitrator awarded Price $18,000. Zamora then requested a new trial, which was conducted as part of the short trial program. The short trial jury also awarded Price $18,000, and judgment was subsequently entered on that verdict by the judge pro tempore.[2] Zamora now appeals.

---

[1]Price filed her district court complaint on January 15, 2004, at which time NRS 38.250 applied to civil actions in which the amount at issue did not exceed $40,000. In 2005, NRS 38.250 was amended to require civil actions with amounts at issue not exceeding $50,000 to be submitted to nonbinding arbitration. *See* 2005 Nev. Stat., ch. 122, § 2, at 391-92.

[2]Judgment was entered prior to the effective date of amended NSTR 3(d)(4), which provides that a judge pro tempore's proposed judgment "is not effective

## DISCUSSION

Under NRS 38.250(1)(a), civil actions for damages filed in district court that do not exceed $50,000, as the amount in controversy, must, subject to certain exceptions, first be submitted to nonbinding arbitration. This requirement is mandatory for district courts in any judicial district with populations of 100,000 or more and permissive for Nevada's remaining judicial districts. NRS 38.255(2). Within 30 days after an arbitration award is served on the parties, any party may request a new trial in district court. NAR 18(A). In those districts where the nonbinding arbitration process is mandatory, if a new trial is requested, the case is assigned to Nevada's short trial program, which provides expedited civil jury trials through the use of limited discovery, small juries, and time limits on the presentation of evidence.[3] NSTR 1 and 4(a)(1). Central to the issues before us on appeal, NRS 38.259(2) requires that the written findings of the arbitrator—that is, the award—be admitted into evidence during the new trial. NRS 38.259(2) also provides a mandatory jury instruction that, among other things, provides guidance to the jury regarding its consideration of the arbitration award.

On appeal, Zamora raises two issues regarding the constitutionality of NRS 38.259(2). First, he argues that NRS 38.259(2)'s requirement that the arbitration award be admitted at a new trial violated his constitutional right to a jury trial. Second, Zamora contends that NRS 38.259(2) violated his rights to equal protection under the law because, under the statutory system, arbitration awards are effectively only admitted into evidence for claims not exceeding $50,000. We address each of these arguments in turn.

### Standard of review

The constitutionality of a statute, including issues related to a party's constitutional right to a jury trial, is a question of law that this court reviews de novo. *Moldon v. County of Clark*, 124 Nev. 507, 511, 188 P.3d 76, 79 (2008); *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 618, 173 P.3d 707, 711 (2007). Here, the statute at issue, NRS 38.259(2), is a substantive rule of evidence requiring that the arbitration award be admitted at trial in cases subject to the nonbinding arbitration program. *See McDougall v. Schanz*, 597 N.W.2d 148, 156 n.15 (Mich. 1999) (noting that substantive rules of evidence involve declarations of policy, even if drafted in terms of

---

until expressly approved by the district court as evidenced by the signature of the district court judge.'' Thus, because judgment was entered prior to the effective date of the amended rule, Zamora's direct appeal from the judgment entered by the judge pro tempore was proper.

[3]In all other judicial districts, establishment of a short trial program is merely permissive. NSTR 1(b).

the admission or exclusion of evidence); *see also State v. Connery*, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983) (noting that the judiciary has inherent power to govern its own procedures, but that any such rules may not " 'abridge, enlarge or modify any substantive right' " (quoting NRS 2.120)).

We note that the enactment of such substantive evidentiary rules is well within the powers conferred upon the Legislature by the Nevada Constitution, *Cramer v. Peavy*, 116 Nev. 575, 582, 3 P.3d 665, 670 (2000); *Barrett v. Baird*, 111 Nev. 1496, 1512, 908 P.2d 689, 700 (1995), *overruled on other grounds by Lioce v. Cohen*, 124 Nev. 1, 174 P.3d 970 (2008), and we must defer to the Legislature regarding this statute's validity. *See Moldon*, 124 Nev. at 511, 188 P.3d at 79 (noting that statutes are presumed to be constitutional, and the individual challenging that presumption bears the burden of showing the statute's unconstitutionality); *Universal Electric v. Labor Comm'r*, 109 Nev. 127, 129, 847 P.2d 1372, 1373-74 (1993) (noting that a party attacking a statute's validity faces a formidable task because statutes are presumed to be valid and this court will only intervene when the constitution is clearly violated). The burden of demonstrating a statute's unconstitutionality is met when the challenger makes "a clear showing of invalidity." *Moldon*, 124 Nev. at 511, 188 P.3d at 79 (internal quotation omitted).

*Right to a jury trial*

Zamora contends that the introduction of the arbitrator's award violated his constitutional right to a jury trial because it effectively removed the jury as the fact-finder, as demonstrated by the jury awarding the exact same amount as the arbitrator, and improperly turned the jury into an appellate body reviewing the reasonableness of the arbitration award. Zamora further asserts that this arrangement is irrational, as the only purpose for introducing the arbitration award is to prejudice the party requesting a new trial, which defeats the very purpose of having a new trial.

Price, however, argues that the introduction of the arbitration award to the short trial jury did not violate Zamora's constitutional right to a jury trial because it did not undermine in any way the role of the jury as the fact-finder. She asserts that the jury was repeatedly told that its duty was to find the facts after examining all of the evidence, and that it was free to disregard any evidence, including the arbitrator's award, if it chose to do so.

The Nevada Constitution states, in pertinent part, that "[t]he right of trial by [j]ury shall be secured to all and remain inviolate forever," Nev. Const. art. 1, § 3, and guarantees the right to have factual issues determined by a jury. *Barrett*, 111 Nev. at 1501, 908

P.2d at 694. The right to a jury trial extends to civil proceedings, such as the district court complaint filed in the underlying action. *Chamberland v. Labarbera*, 110 Nev. 701, 704, 877 P.2d 523, 524 (1994). A statute will unconstitutionally restrict the right to a jury trial when that right is "burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." *Barrett*, 111 Nev. at 1502, 908 P.2d at 694 (internal citations and quotation marks omitted).

With regard to whether NRS 38.259(2)'s requirement that the arbitration award be introduced at trial violated Zamora's right to a jury trial, we find our decision in *Barrett*, 111 Nev. 1496, 908 P.2d 689, particularly instructive. In *Barrett*, this court addressed an argument that NRS 41A.049(2) and NRS 41A.016(2) unconstitutionally denied the right to a jury trial by providing that a medical malpractice screening panel's decision may be admitted at trial.[4] 111 Nev. 1496, 908 P.2d 689. In that case, the appellant contended that a jury was likely to be overly deferential to the panel's finding of no probability of negligence and that admitting the panel's decision allowed preadjudication of the issues of negligence and causation by an entity other than the jury. *Id.* at 1501, 908 P.2d at 693. In rejecting this argument, we explained that the admission of the screening panel's decision was the equivalent of allowing an expert to testify at trial and did nothing to prevent the jury from freely accepting or rejecting that evidence. *Id.* at 1503, 908 P.2d at 694.

The *Barrett* court further noted that the jury was sufficiently instructed not to give undue weight to the screening panel's decision to ensure that there was no infringement on the jury's fact-finding duty. *Id.* at 1503-04, 908 P.2d at 695. The court cited, with approval, a Ninth Circuit Court of Appeals case, *Wray v. Gregory*, 61 F.3d 1414 (9th Cir. 1995), which suggested that juries should be instructed not to give the screening panel's decision "undue weight" and in such a manner " 'that will ensure that the evidence of the outside panel's conclusions does not interpose [an] obstacle to a full contestation of all the issues, and take[ ] [a] question of fact from . . . the jury.' " *Barrett*, 111 Nev. at 1503, 908 P.2d at 695 (quoting *Wray*, 61 F.3d at 1419). Thus, based on the conclusions that the medical malpractice screening panel's decision was evidence that the jury could accept or reject and that the instructions given to the jury were sufficient to prevent infringement on the jury's fact-finding role, the *Barrett* court concluded that the admission of the screening panel's decision did not violate the appellant's constitutional right to a jury trial. 111 Nev. at 1503, 908 P.2d at 694-95.

---

[4]While not relevant to our analysis, we nonetheless note that NRS 41A.049 and NRS 41A.016 have since been repealed. *See* 2002 Nev. Stat. Spec. Sess., ch. 3, § 69, at 25.

Here, NRS 38.259(2) requires the nonbinding arbitration award to be admitted for consideration by the jury at any trial de novo. In this context, the award is mere evidence, which the jury is free to accept or reject. *Barrett*, 111 Nev. at 1503, 908 P.2d at 694. Indeed, nothing in NRS 38.259 precludes a party from attacking a particular arbitration award as faulty by presenting evidence demonstrating that the award represents an incorrect resolution of the case at bar. Accordingly, the fact that the arbitration award was introduced as evidence to the jury did not infringe on the jury's fact-finding duty so as to deny Zamora his constitutional right to a jury trial. *Barrett*, 111 Nev. at 1503-04, 908 P.2d at 694-95. Although Zamora attempts to distinguish *Barrett* by arguing that, unlike the medical malpractice screening panel, which the court held was akin to expert testimony, an arbitrator's award cannot be considered expert testimony, we find this argument unpersuasive. Regardless of whether the award is or is not considered expert testimony, the award is nonetheless evidence that the Legislature, by enacting the substantive rule of evidence set forth in NRS 38.259(2), has authorized for admission at the trial de novo. Thus, Zamora's attempt to distinguish *Barrett* on this ground is immaterial to our determination of whether the introduction of the award violates Zamora's right to a jury trial.[5]

Further support for our conclusion that the required introduction of the arbitration award does not violate Zamora's jury trial right can be found in the mandatory jury instruction for these cases, which, as required by *Barrett*, provides that the jury must not give undue weight to the arbitrator's decision. Specifically, the mandatory jury instruction set forth in NRS 38.259(2)(b) states, in relevant part, that

> [t]he findings of the arbitrator may be given the same weight as other evidence or may be disregarded. However, you must not give those findings undue weight because they were made by an arbitrator, and you must not use the findings of the arbitrator as a substitute for your independent judgment. You must weigh all the evidence that was presented at trial and arrive at a conclusion based upon your own determination of the cause of action.[6]

This instruction informs the jury that it is free to disregard the arbitration award and warns the jury not to give an award undue weight so as to allow the award to act as a substitute for the jury's independent judgment.

Moreover, this instruction sufficiently addresses the concerns set forth in *Barrett* and *Wray* regarding unconstitutional infringement on the jury's fact-finding role and ensures that a litigant's constitutional

---

[5]Because we find this distinction irrelevant to the issue before us, we need not address whether the arbitrator's award is considered expert testimony.

[6]We note that Zamora does not challenge the short trial judge's failure to provide an exact rendition of NRS 38.259(2)(b)'s instruction.

right to a jury trial is protected. We thus reject Zamora's attempt to distinguish *Barrett* in his reply brief. As set forth above, the arbitration award is mere evidence that the jury can accept or reject, *Barrett*, 111 Nev. at 1503, 908 P.2d at 694, and the mandatory jury instruction provides sufficient protection to ensure that the award does not infringe on the jury's fact-finding role. *Id.* at 1503-04, 908 P.2d at 695.

Accordingly, Zamora has not met his burden of overcoming the presumption of constitutionality, and we reject Zamora's argument that NRS 38.259(2)'s requirement that the nonbinding arbitration award be admitted at any subsequent new trial violates a litigant's constitutional right to a jury trial.[7] *See id.*; *see also Moldon v. County of Clark*, 124 Nev. 507, 511, 188 P.3d 76, 79 (2008) (explaining that statutes are presumed to be constitutional, and the individual challenging that presumption must make "a clear showing of invalidity" (internal quotation omitted)).

### *Equal protection under the law*

Zamora next contends that requiring the arbitration award to be introduced at trial only for claims under NRS 38.250's threshold amount violates his equal protection rights under the United States and Nevada Constitutions because his case is subject to procedures that cases with amounts at issue greater than NRS 38.250's threshold amount are not.[8] Price counters that there is clearly a rational basis for proving a simplified procedure for claims when the amount in controversy is less than the threshold amount.

Both the United States and Nevada Constitutions' equal protection clauses are implicated when a law treats similarly situated people differently.[9] *Secretary of State v. Burk*, 124 Nev. 579, 595 n.55, 188 P.3d 1112, 1123 n.55 (2008). When the law, however, does not implicate a suspect class or fundamental right, it will be upheld as long as it is rationally related to a legitimate government interest. *Id.* (citing the United States Supreme Court case *Romer v. Evans*, 517 U.S. 620, 631 (1996)). Here, Zamora expressly states that he is not con-

---

[7]We also reject as meritless Zamora's attempt to demonstrate that admitting the award at a trial is unconstitutional because he has not found any other states that similarly require admission of an arbitration award from mandatory nonbinding arbitration at a subsequent trial de novo.

[8]As noted above, Price filed her district court complaint on January 15, 2004, at which time NRS 38.250 applied to civil actions where the amount at issue did not exceed $40,000. NRS 38.250 was subsequently amended to raise this minimum amount at issue to $50,000. *See* 2005 Nev. Stat., ch. 122, § 2, at 391-92.

[9]*See* U.S. Const. amend. XIV, § 1; Nev. Const. art. 4, § 21.

tending that a suspect class or a fundamental right is implicated, and therefore we apply rational basis review. *Id.*; *see also Barrett*, 111 Nev. at 1509, 908 P.2d at 698 (indicating that the ability to bring a civil action sounding in tort is not a fundamental right and does not involve a suspect classification). This court has explained rational basis review to mean that we will not overturn a law unless the treatment of different groups " 'is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [L]egislature's actions were irrational.' " *Barrett*, 111 Nev. at 1509-10, 908 P.2d at 698-99 (quoting *Allen v. State Pub. Emp. Ret. Bd.*, 100 Nev. 130, 136, 676 P.2d 792, 796 (1984)).

In *Barrett*, this court rejected, under a rational basis review, the contention that a statute requiring victims of medical malpractice allegedly committed by hospitals and physicians to first present their case to the medical malpractice screening panel, which did not place a similar requirement on victims of medical malpractice allegedly committed by other healthcare providers, ran afoul of the plaintiff's equal protection rights. 111 Nev. at 1509, 908 P.2d at 698. Instead, we noted that this distinction was rational, as the Legislature had evidence that hospitals and physicians were experiencing large increases in malpractice insurance premiums, whereas there was not similar evidence before the Legislature regarding other healthcare providers. *Id.* at 1510, 908 P.2d at 699.

Similarly, here, to the extent that litigants with claims not exceeding NRS 38.250's threshold amount are treated differently than litigants with claims that do, this distinction is likewise a rational legislative choice because it provides more expedited and less expensive proceedings for smaller claims, while preserving litigants' right to a jury trial and an appeal. *See Arata v. Faubion*, 123 Nev. 153, 160, 161 P.3d 244, 249 (2007) (explaining that, in the context of rational basis scrutiny, this court may hypothesize the legislative purpose behind a statute and that a statute will be upheld if any facts may be reasonably conceived to justify the legislation); *see also Jain v. McFarland*, 109 Nev. 465, 472, 851 P.2d 450, 455 (1993) (stating, in the medical malpractice context, that this court hesitates to disturb carefully crafted legislation that provides benefit to the parties, limits the burden on the courts, and reduces costs by discouraging frivolous litigation).

Additionally, this court has recently stated that the quicker and less costly resolution provided by arbitration is rationally related to a legitimate governmental interest. *See Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 301, 183 P.3d 895, 903-04 (2008) (concluding, however, in addressing an equal protection argument, that the two groups at issue were not being treated differently). Applying this *Arrowcreek* principle here, requiring the admission of the arbitration award is likely to provide an additional incentive to the

parties so that they will take the arbitration proceedings seriously, thereby furthering the legitimate governmental interest of providing quicker and less costly dispute resolution.

Accordingly, we conclude that having cases with an amount in controversy below a threshold amount subject to mandatory non-binding arbitration, and having the arbitration award introduced at a subsequent new trial, is rationally related to a legitimate governmental interest, and therefore, no equal protection clause violation exists. *See Secretary of State v. Burk*, 124 Nev. 579, 595 n.55, 188 P.3d 1112, 1123 n.55 (2008) (stating that, under rational basis review, a law will be upheld when it is rationally related to a legitimate government interest).

## *CONCLUSION*

Because we determine that Zamora was not unconstitutionally deprived of his rights to a jury trial or equal protection under the law, we affirm the judgment entered on the short trial jury's verdict.

SAITTA and GIBBONS, JJ., concur.