An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD LOPEZ AND CIRLEY
GONZALES, EACH INDIVIDUALLY,
Appellants,
vs.
N-M VENTURES, LLC; AND FCH1,
LLC,
Respondents.

No. 63780

**FILED**

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment on an arbitration award in a negligence action, entered after the district court struck appellant's trial de novo request. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

An arbitrator awarded damages to appellants after determining that respondents were liable for injuries that appellants sustained at a nightclub. Unhappy with the damage award, appellants filed a request for trial de novo in which they certified, as required by Nevada Arbitration Rule ("NAR") 18(A), that they would pay all of the arbitrator's fees and costs within thirty days of filing their request. Thirty-two days later, respondents filed a motion to strike appellants' request for trial de novo based on appellants' failure to pay the arbitrator within thirty days. Appellants paid the arbitrator two days later. After a hearing, the district court granted the motion to strike, reasoning that appellants waived their right to a trial de novo by failing to comply with

15-23160

the mandatory payment requirement written in NAR 18(C). Appellants timely appealed. Our review is de novo,[1] and we affirm.

On appeal, appellants argue that the district court erred by holding that NAR 18(C)'s waiver requirement is mandatory because the rule is ambiguous and should be construed to allow district court discretion. They also argue, for the first time on appeal, that NAR 18(C) is unconstitutional as applied to this case because the rule deprives appellants the right to a jury trial and violates the equal protection clauses of the United States and Nevada Constitutions.

We disagree. "It is well established that when a statute's language is plain and unambiguous, and the statute's meaning clear and unmistakable, the courts are not permitted to look beyond the statute for a different or expansive meaning or construction." *DeStefano v. Berkus*, 121 Nev. 627, 629, 119 P.3d 1238, 1239-40 (2005); *see also* 3A *Sutherland Statutory Construction* § 67:15 (7th ed. 2010) ("[I]n one form or another almost every rule of construction for statutes finds application in the interpretation of the rules of practice."). Contrary to appellants' argument, the language of NAR 18 is clear and unmistakable: "Any party requesting a trial de novo must certify that all arbitrator fees and costs for such party have been paid or shall be paid within 30 days . . . ." NAR 18(A). In turn, NAR 18(C) provides that, "[a]ny party who has failed to pay the arbitrator's bill in accordance with this rule *shall* be deemed to

---

[1]*Zamora v. Price*, 125 Nev. 388, 391, 213 P.3d 490, 492 (2009) ("The constitutionality of a statute, including issues related to a party's constitutional right to a jury trial, is a question of law that this court reviews de novo."); *Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804 (2006) ("Statutory construction is a question of law, which this court reviews de novo.").

have waived the right to a trial de novo." (Emphasis added). As the district court correctly observed, the word "'shall' is mandatory and does not denote judicial discretion." *Johanson v. Eighth Judicial Dist. Court*, 124 Nev. 245, 249-50, 182 P.3d 94, 97 (2008) (internal quotations omitted). Given that appellants concede that they did not pay the arbitrator within thirty days—despite their certification to the district court that they would timely pay the arbitrator—they waived the right to a trial de novo. Thus, the district court correctly granted respondents' motion to strike.

Moreover, appellants do not meet their burden of proving that NAR 18(A) and (C), as applied, are unconstitutional. *Moldon v. Cnty. of Clark*, 124 Nev. 507, 511, 188 P.3d 76, 79 (2008) ("We presume that statutes are valid, and the person challenging that presumption bears the burden of showing that the statute is unconstitutional."). The constitution does not prescribe what conditions may be imposed upon the party who demands a jury trial, *Capital Traction Co. v. Hof*, 174 U.S. 1, 23 (1899), and burdens on a party's right of access to the courts will be upheld unless the burden imposes "onerous conditions, restrictions, or regulations which would make the right practically unavailable." *Zamora*, 125 Nev. at 393, 213 P.3d at 493 (internal quotations omitted). Timely payment requirements rarely are an onerous burden. *See Firelock Inc. v. Dist. Court*, 776 P.2d 1090, 1096 (Colo. 1989) (en banc) (upholding Colorado's Mandatory Arbitration Act); *Fleisher v. Kaufman*, 212 A.2d 846, 848 (Pa. Super. Ct. 1965) (upholding compulsory arbitration, including payment requirements because, amongst other reasons, "[i]t is the [arbitration] act, not this Court, which laid down the rule that the party appealing 'shall pay all the costs that may have accrued'"); *see also* 47 Am. Jur. 2d *Jury* § 62 (2006) ("Generally, state statutes and court rules requiring the

payment of fees, deposits, or security by the party requesting a jury trial in a civil case do not unconstitutionally interfere with . . . [the] right to a jury trial."). Here, there is no evidence that the payment requirement made appellants' right to trial de novo "practically unavailable," given that the appellants were able to pay the arbitrator's bill but simply failed to do so within thirty days of filing their request for trial de novo.

Moreover, NAR 18 does not offend notions of equal protection. Claimants with potential claims worth $5,000 to $50,000 who are subject to the Court Annexed Arbitration program are not a suspect class, and the parties agree that rational basis review applies. "A statute meets rational basis review so long as it is reasonably related to a legitimate government interest." *Rico v. Rodriguez*, 121 Nev. 695, 703, 120 P.3d 812, 817 (2005), and here NAR 18's timely payment requirement is reasonably related to the purpose of Nevada's Annexed Arbitration Program, namely, "provid[ing] a simplified procedure for obtaining a prompt and equitable resolution of certain civil matters." *Casino Props., Inc. v. Andrews*, 112 Nev. 132, 135, 911 P.2d 1181, 1182 (1996) (internal quotations omitted). Thus, we discern no constitutional violation in this case.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Timothy C. Williams, District Judge
John Walter Boyer, Settlement Judge
Stovall & Associates
Atkinson & Watkins, LLP
Eighth District Court Clerk