IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMC SPECIALTY MORTGAGE LLC,
Appellant,
vs.
SATICOY BAY LLC,
Respondent.

No. 70993

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING AND REMANDING*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

In granting summary judgment, the district court denied appellant's request for an NRCP 56(f) continuance because "[c]ommercial reasonableness is not an issue in an HOA foreclosure." In *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, however, we recognized that courts retain equitable authority to set aside a foreclosure sale when the sale is affected by "fraud, unfairness, or oppression." 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1112-16 (2016). Because "commercial reasonableness" is similar to *Shadow Wood*'s "fraud, unfairness, or oppression" standard, we conclude that appellant's NRCP 56(f) affidavit should have been construed as seeking discovery into whether the sale was affected by fraud, unfairness, or oppression. Accordingly, summary judgment may have been improper. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment and recognizing that summary judgment is proper only when no genuine issues of material fact remain).

17-19915

On remand, the district court should consider appellant's request for an NRCP 56(f) continuance in light of *Shadow Wood*.[1] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                   Stiglich

---

[1] In light of the foregoing, we decline to consider appellant's arguments regarding the admissibility of respondent's evidence.

[2] In light of our opinion in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), appellant's due process argument lacks merit. We further note that, as this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

Additionally, we disagree with appellant's equal protection argument. The Legislature's decision to provide a homeowner with an initial opportunity to cure a delinquency before requiring the HOA to incur the time and expense of implementing foreclosure proceedings is rationally related to NRS Chapter 116's purpose of enabling HOAs to efficiently collect unpaid HOA dues. *See SFR Invs.*, 130 Nev., Adv. Op. 75, 334 P.3d at 417 (observing that one of NRS Chapter 116's purposes is to enable HOAs to be self-funding); *Zamora v. Price*, 125 Nev. 388, 395, 213 P.3d 490, 495 (2009) ("When the law . . . does not implicate a suspect class or fundamental right, it will be upheld as long as it is rationally related to a legitimate government interest.").

cc:    Hon. Joseph Hardy, Jr., District Judge
Janet Trost, Settlement Judge
Smith Larsen & Wixom
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk