# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A NEVADA CORPORATION,
Appellant,
vs.
WELLS FARGO BANK, N.A., A NATIONAL BANKING ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., F/K/A NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-AC5 ASSET BACK CERTIFICATES, SERIES 2007-AC5,
Respondent.

No. 70638

FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

The district court granted respondent's motion for summary judgment, concluding that the HOA's foreclosure of its lien did not extinguish respondent's deed of trust because NRS Chapter 116's statutory scheme authorizing the foreclosure violated the due process clauses of the United States and Nevada Constitutions. This court rejected a similar argument in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), because there is no state action. Thus, the basis for the district court's summary judgment was erroneous.[1]

---

[1]We further note that, as this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which required that notices be sent to a deed of trust
*continued on next page...*

17-23006

Nor do we agree that summary judgment can be affirmed based on respondent's equal protection argument. In particular, the Legislature's decision to provide a homeowner with an initial opportunity to cure a delinquency before requiring the HOA to incur the time and expense of implementing foreclosure proceedings is rationally related to NRS Chapter 116's purpose of enabling HOAs to efficiently collect unpaid HOA dues. *See SFR Invs.*, 130 Nev., Adv. Op. 75, 334 P.3d at 417 (observing that one of NRS Chapter 116's purposes is to enable HOAs to be self-funding); *Zamora v. Price*, 125 Nev. 388, 395, 213 P.3d 490, 495 (2009) ("When the law . . . does not implicate a suspect class or fundamental right, it will be upheld as long as it is rationally related to a legitimate government interest."). In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

*...continued*
beneficiary. 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]We decline to consider in the first instance appellant's suggestion that it is entitled to summary judgment based on the recitals in its deed and various statutory presumptions.

cc: Hon. Kenneth C. Cory, District Judge
Janet Trost, Settlement Judge
Joseph Y. Hong
Smith Larsen & Wixom
Eighth District Court Clerk