# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FIRST MORTGAGE CORPORATION,<br>Appellant,<br>vs.<br>SATICOY BAY LLC SERIES 1828 LA<br>CALERA,<br>Respondent. | No. 70994 |

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Michael Villani, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant contends that the HOA foreclosure sale should be set aside because it constituted a fraudulent transfer under the Uniform Fraudulent Transfer Act (UFTA) and that NRS Chapter 116's lien foreclosure scheme both violates appellant's due process rights and authorizes an unconstitutional governmental taking of private property. We disagree as explained in *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 598 (2018) (holding that the UFTA's safe-harbor provision applies to HOA foreclosure sales); *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 134 Nev., Adv. Op. 58, 422 P.3d 1248, 1253 (2018) (holding that the pre-2015 version of NRS Chapter 116 required foreclosure notices to be mailed to deed of trust beneficiaries); and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (holding that NRS Chapter 116's lien foreclosure scheme does not implicate state action and does not constitute a taking. Although appellant also argues that NRS Chapter 116 violates

18-908120

substantive due process, appellant has not identified any fundamental right that was implicated in the foreclosure, and the Legislature's decision to enact NRS Chapter 116 was rationally related to a legitimate governmental interest. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 748, 334 P.3d 408, 417 (2014) (explaining the purpose of the Uniform Common Interest Ownership Act's split-lien scheme); *Zamora v. Price*, 125 Nev. 388, 395, 213 P.3d 490, 495 (2009) ("When the law . . . does not implicate a suspect class or fundamental right, it will be upheld as long as it is rationally related to a legitimate government interest.").

Appellant next argues that the district court overlooked its proffered evidence of fraud, unfairness, or oppression that allegedly affected the sale. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent some element of fraud, unfairness, or oppression affecting the sale). As evidence of fraud, unfairness, or oppression, appellant identifies (1) purportedly confusing language in the Notice of Sale, (2) the HOA agent's belief that the foreclosure sale would not extinguish the deed of trust, and (3) the Notice of Delinquent Assessment and Notice of Default referred to NRS Chapter 117 in addition to NRS Chapter 116.

We conclude that this evidence does not amount to fraud, unfairness, or oppression. First, the language in the Notice of Sale clearly and accurately explained that the winning bidder would receive a deed without warranty, *see* NRS 116.31164(3)(a) (2005) (requiring the person conducting the foreclosure sale to deliver to the purchaser a deed without warranty), and it cannot reasonably be construed as suggesting that a first

 

deed of trust would survive the foreclosure sale. Second, the HOA agent's subjective belief as to the foreclosure sale's legal effect could not change the sale's actual effect. *Cf. Wells Fargo*, 134 Nev., Adv. Op. 74, 426 P.3d at 596-97 (recognizing that a party's subjective belief as to the effect of a foreclosure sale cannot alter the actual effect of the sale). Third, although NRS 117.070(2) allows a condominium association to choose to subordinate its lien to a first deed of trust, section 18.3(b) of the CC&Rs demonstrates that the HOA in this case made no such choice. More importantly, appellant did not introduce evidence that it or any prospective bidders were actually misled by any of these purported shortcomings such that there might be fraud, unfairness, or oppression. Similarly, appellant's unsubstantiated allegation regarding bid chilling is belied by the record, which shows that respondent placed the winning bid of $31,100 when bidding opened at $4,950. In sum, the district court properly granted summary judgment in favor of respondent. *Wood*, 121 Nev. at 729, 732, 121 P.3d at 1029, 1031. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Michael Villani, District Judge
      Janet Trost, Settlement Judge
      McCarthy & Holthus, LLP/Las Vegas
      Law Offices of Michael F. Bohn, Ltd.
      Eighth District Court Clerk