# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER DONNELLY,
Appellant,
vs.
ANTHONY & SYLVAN POOLS
CORPORATION, A FOREIGN
CORPORATION,
Respondent.

No. 72547

FILED

DEC 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a tort action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

### *Facts*

On August 2, 2014, appellant dove into an in-ground swimming pool located on Nevada residential property, hitting his head on a submerged built-in cement bench and sustaining injuries. On June 21, 2016, appellant sued to recover damages for his injuries, alleging as relevant here that respondent, the pool's builder, failed to adequately design, install, build, maintain, and inspect the pool. After appellant's accident but before he filed his complaint, the Legislature amended NRS 11.202 to provide a single six-year repose period for personal injury actions alleging deficiencies in design, planning, supervision, or observation of the construction of improvements to real property, running from the date of substantial completion of such improvements.

Respondent moved for dismissal or summary judgment, arguing that the complaint was time-barred under the amendment to NRS 11.202, as appellant's injuries occurred August 2, 2014, nearly ten years after substantial completion of the pool on October 20, 2004. Appellant

18-909888

opposed the motion, arguing that the amendment violates equal protection rights by treating injured plaintiffs differently based on the event or act and party causing the injury and creates an impermissible barrier to an injured plaintiff's right to access the courts. He argued that the pre-amendment version of the repose statute, former NRS 11.203-.205, was narrowly tailored, taking into consideration the merits of a claim and the egregiousness of the defendant's conduct by categorizing the type of defect and applying a corresponding 6- to 10-year repose period based on whether the defect was patent, latent, or known. The district court granted the motion to dismiss and this appeal followed.

## Discussion

Appellant argues that the statute of repose is ambiguous and not intended to apply to non-homeowner personal injury plaintiffs, and is unconstitutional because it violates access to the court guarantees and the Equal Protection Clauses of the United States and Nevada Constitutions. We conclude that the district court properly entered judgment in favor of respondent and therefore affirm.

*The statute of repose unambiguously applies to appellant's claim*

First, although appellant contends that the statute of repose does not apply to his complaint, the statute is not ambiguous or otherwise unclear in that it sets an outer limit on the right to bring a construction defect-based personal injury action against a builder regardless of when the injury occurs.[1] NRS 11.202(1)(c) (providing that no personal injury action

_____

[1]Appellant argues that only NRS 11.190's two-year limitation governs his claim but we have recognized a cause of action may be subject to both a limitations and repose provisions. *FDIC v. Rhodes*, 130 Nev. 893, 899-900, 336 P.3d 961, 965-66 (2014). Although the limitations period runs from the date of injury, the repose period sets an outer limit on liability without

grounded on an alleged defect in the construction of an improvement to real property may be commenced against the party who performed the construction more than six years after the construction is substantially completed). Thus, the statute of repose applies to appellant's personal injury action against respondent for its alleged defective design or construction of the pool. *See Dykema v. Del Webb Cmtys., Inc.*, 132 Nev. 823, 826, 385 P.3d 977, 979 (2016) (reviewing de novo a decision concerning statutory interpretation and observing that "when 'the language of a statute is plain and unambiguous, and its meaning clear and unmistakable,'" this court must give effect to that plain meaning as an expression of legislative intent without searching for "'meaning beyond the statute itself'" (quoting *Nelson v. Heer*, 123 Nev. 217, 224, 163 P.3d 420, 425 (2007))); *cf. Davenport v. Comstock Hills-Reno*, 118 Nev. 389, 393-94, 46 P.3d 62, 64-65 (2002) (concluding that an earlier version of the repose statute with similar language did not apply to negligent maintenance claims against a landowner but would apply to bar a plaintiff's personal injury claim if it was based on design or construction defects).

*The statute of repose does not violate access to the court guarantees*

Next, we are not persuaded by appellant's argument that "NRS 11.202 unduly restricts his access to the court, which, in effect, precludes a jury from deciding the factual issues of his injury," and thus impinges on

_____

regard to when the injury occurred and a plaintiff's compliance with the statute of limitations does not preclude a repose defense, as both statutes are mechanisms used to limit the duration of liability for tortious acts. *See CTS Corp. v. Waldburger*, 573 U.S. ___, ___, 134 S. Ct. 2175, 2182 (2014).

his fundamental right to a jury trial.[2] That argument, however, fails to address that the Legislature may validly limit common law causes of action, which this and other courts have held do not deprive litigants of court access. *See Zamora v. Price*, 125 Nev. 388, 395-96, 213 P.3d 490, 495 (2009); *Barrett v. Baird*, 111 Nev. 1496, 1507-09, 908 P.2d 689, 697-98 (1995), *overruled on other grounds by Lioce v. Cohen*, 124 Nev. 1, 174 P.3d 970 (2008); *Zapata v. Burns*, 542 A.2d 700, 706 (Conn. 1988) (rejecting a plaintiff's claim that her fundamental right to access the courts was impinged by a construction statute of repose and observing that "'[i]t cannot seriously be argued that a statutory entitlement to sue for wrongful death . . . [or personal injuries] is itself a 'fundamental' or 'constitutional' right'" (quoting *Parham v. Hughes*, 441 U.S. 347, 358 n.12 (1979))); *Rybeck v. Rybeck*, 358 A.2d 828, 842 (N.J. Super. Ct. Law Div. 1976) ("One having

---

[2]We disagree with appellant's assertion that strict scrutiny analysis applies here. *See Wise v. Bechtel Corp.*, 104 Nev. 750, 753-54, 766 P.2d 1317, 1318-19 (1988) (applying rational basis scrutiny to an equal protection challenge to an earlier version of the statute of repose, noting that it does not involve a fundamental right or concern a suspect class); *State Farm v. All Elec., Inc.*, 99 Nev. 222, 225, 660 P.2d 995, 997 (1983) (same), *overruled on other grounds by Wise*, 104 Nev. at 754, P.2d at 1319. Although *Wise* and *State Farm* addressed property owners' and material suppliers' arguments that the statute unconstitutionally excluded them from the class of protected defendants, we have observed in other contexts that the ability to bring a civil tort action for damages is not a fundamental right. *See Barrett v. Baird*, 111 Nev. 1496, 1507-09, 908 P.2d 689, 697-98 (1995) (addressing a plaintiff's equal protection challenge to former statutes requiring medical malpractice claimants to first submit their cases to a screening panel, concluding that "the right of malpractice plaintiffs to sue for damages caused by medical professionals does not involve a fundamental constitutional right," and "[i]n such cases, access to the court may be hindered if there exists a rational basis for doing so") (internal quotation marks and alteration omitted), *overruled on other grounds by Lioce v. Cohen*, 124 Nev. 1, 174 P.3d 970 (2008).

a claim abrogated or limited by valid legislation is not deprived of access to the courts any more than one whose claim is outlawed by passage of the statutory time to sue. The same is true of the right to jury trial. That right exists as to claims that may lawfully be heard by a jury. It does not survive valid prospective legislation providing that the claim should not be heard at all."); *see also Van Den Hul v. Baltic Farmers Elevator Co.*, 716 F.2d 504, 512 (8th Cir. 1983) (holding that South Dakota's products liability statute of repose does not violate the state's constitutional provision providing that "[a]ll courts shall be open"). Thus, although appellant asserts that personal injury victims have a common law right to seek recovery for injuries, that does not mean that a legislative act placing limits on that right deprives the victim of access to the courts, and having considered the issue, we perceive no constitutional defect in the repose statute with regard to restricted court access. *Tam v. Eighth Jud. Dist. Court*, 131 Nev. 792, 796, 358 P.3d 234, 237-38 (2015) (applying a de novo standard of review in determining a statute's constitutionality).

*The statute of repose does not violate equal protection guarantees*

Next, we are not convinced by appellant's argument that the statute of repose violates his equal protection rights. Our review of an earlier version determined the statute to have a rational basis and thus concluded that it did not violate equal protection guarantees. *Wise*, 104 Nev. at 753-54, 766 P.2d at 1319 (concluding that a revised version of the statute of repose that applied to contractors, design professionals, and owners, but continued to exclude material suppliers did "not violate the equal protection clause of the Nevada Constitution" because there was a rational basis for the distinction). Although appellant challenges the statute from a plaintiff's perspective, other courts have upheld construction

defect statutes of repose where plaintiffs raised equal protection challenges and those decisions are in line with *Wise*, wherein we held that the same defendant classifications that appellant challenges here were valid.[3] *See Klein v. Catalano*, 437 N.E.2d 514, 522 (Mass. 1982) (examining a statute that, similar to NRS 11.202, provided that no tort actions arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property may be commenced more than six years after completion of the improvement, and concluding that the statute did not violate equal protection rights or the plaintiff's right to a remedy by recourse of laws guaranteed by the Massachusetts Constitution); *see also Zapata v. Burns*, 542 A.2d 700, 709 (Conn. 1988); *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834-35 (Mo. 1991); *Beecher v. White*, 447 N.E.2d 622, 628 (Ind. Ct. App. 1983). Accordingly, appellant has failed to persuade us that the statute of repose setting an outer limit on a defendant's liability for injuries based on construction deficiencies fails on equal protection grounds. *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) ("Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." (footnote omitted)).

---

[3]The repose statute was amended to include property owners in the class of protected defendants after this court held that an earlier version of the statute was unconstitutional because it omitted owners from repose protections. *See State Farm*, 99 Nev. at 229, 660 P.2d at 1000. After the statute was amended to include owners, we held that the statute passed constitutional scrutiny. *Wise*, 104 Nev. at 754, 766 P.2d at 1319. While the statute has since been amended again to provide for a single 6-year repose period, it did not change any of the classifications, including the application to owners, which we upheld in *Wise*.

*The district court properly dismissed appellant's claim as time-barred*

As applied to the relevant facts here, the district court properly determined that the statute of repose bars appellant's claim. Whether appellant's claims had been subject to the previous version of the repose statute, which contained varying repose deadlines depending on the type of defect, or the one-year filing grace period provided in the bill amending the statute, appellant's complaint against respondent fails. The timeline respondent provided at oral argument illustrates that appellant's accident occurred beyond the outer time limit on respondent's liability under both the current and previous versions of the repose statute, thus precluding appellant's action against respondent.

| October 20, 2004 | County issued final pool inspection |
|---|---|
| October 21, 2010 | Former NRS 11.205 6-year statute of repose for patent defects expired |
| October 21, 2012 | Former NRS 11.204 8-year statute of repose for latent defects expires |
| August 2, 2014 | Appellant's accident |
| October 21, 2014 | Former NRS 11.203 10-year statute of repose for known defects expires |
| February 24, 2015 | Assembly Bill (AB) 125 passes |
| February 25, 2016 | AB 125's one-year grace period expires |
| June 21, 2016 | Complaint filed |

Thus, whether applying amended NRS 11.202 and the corresponding grace period provided in AB 125, or the applicable provisions of the former version

of the repose statute, the district court properly dismissed appellant's complaint as time-barred.[4] Based on the foregoing, we therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

---

[4]Appellant's complaint did not concern known defects, such that he could have timely filed a complaint in the 2-month period between the accident and the expiration of former NRS 11.203's repose period.

[5]We have considered appellant's arguments that were not expressly addressed in this disposition and conclude that they do not provide a basis for invalidating the statute or otherwise reversing the district court's order.

The Honorable Ron Parraguirre, Justice, did not participate in the decision of this matter.

cc: Hon. Valerie Adair, District Judge
Eglet Prince
Lewis Roca Rothgerber Christie LLP/Las Vegas
Wood, Smith, Henning & Berman, LLP/Las Vegas
McDonald Carano LLP/Reno
Eighth District Court Clerk