# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHARLES J. BLEWETT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF PUBLIC SAFETY,<br>Respondent. | No. 77180 |
| ROBERT FARNUM,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77843 |
| JEFFREY JOHNSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77844 |
| PHILIP DONE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77845 |
| ROBERT LYNCH,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 77846 |
| DAVID LOUCKS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78104 |
| CHARLES HAYNER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78125 |

**FILED**

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY _____
DEPUTY CLERK

20-24313

| | |
|---|---|
| ROBERT GRABEN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78126 |
| CHRISTOPHER SEAMANN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78127 |

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from nine district court orders denying petitions for termination of the duty to register as a sex offender. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge; Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge; Susan Johnson, Judge; Nancy L. Alf, Judge; James Crockett, Judge; Kathleen E. Delaney, Judge; Tierra Danielle Jones, Judge; Kenneth C. Cory, Judge; Rob Bare, Judge.

Appellants were registered under Nevada's previous sex offender law, commonly known as Megan's Law. In 2007, the Legislature replaced Megan's Law by adopting the Adam Walsh Child Protection and Safety Act (the AWA). Appellants sought relief from the duty to register by combining or "commingling" certain provisions of Megan's Law and the AWA. They would not have been entitled to relief solely under the provisions of either law, but several other sex offenders successfully petitioned for relief in 2016 by commingling, and appellants sought to do the same.

Although we clarified in *State, Department of Public Safety v. Neary*, Docket No. 72578 (Order of Reversal and Remand, July 26, 2018), that the laws cannot be commingled, appellants argued that the State's

enforcement of that holding violated their right to equal protection. They reasoned that because the State inexplicably allowed the 2016 petitioners to commingle, its refusal to allow appellants to do the same was intentionally different treatment without a rational basis. The district courts rejected that argument in each case, some determining that the State did not intentionally treat appellants differently from the 2016 petitioners, or that our holding in *Neary* was a rational basis for refusing to allow further commingling, or both. On appeal, appellants argue that both conclusions were erroneous. We disagree.

The Fourteenth Amendment of the United States Constitution and Article 4, Section 21, of the Nevada Constitution guarantee the right to equal protection. *Rico v. Rodriguez*, 121 Nev. 695, 702-03, 120 P.3d 812, 817 (2005). A party may bring a class-of-one equal protection claim showing that he or "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "This court reviews constitutional challenges de novo." *Rico*, 121 Nev. at 702, 120 P.3d at 817.

Appellants fail to prove that the State lacked a rational basis for refusing to commingle the laws. Their initial argument is no more than a bare assertion that the State "simply decided" no longer to commingle, and their reply argument is essentially that because several other petitioners benefited from the State's mistake, the State should deliberately make the same mistake again for appellants' benefit and in clear contravention of our holding in *Neary*. But neither argument proves that the State lacked a rational basis, so we cannot conclude that the district

court improperly denied appellants' petitions.[1] *See Hodel v. Indiana*, 452 U.S. 314, 331-32 (1981) (explaining that an equal-protection claim not involving a suspect class requires "a clear showing of arbitrariness and irrationality"); *Zamora v. Price*, 125 Nev. 388, 392, 213 P.3d 490, 493 (2009) (explaining that the party challenging constitutionality bears the burden of proof). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[1]Because appellants fail to prove that the State lacked a rational basis, we need not address whether the State intentionally treated them differently. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues that are unnecessary to resolve the case at bar).

cc:    Hon. Barry L. Breslow, District Judge
Hon. Joseph Hardy, Jr., District Judge
Hon. Susan Johnson, District Judge
Hon. Nancy L. Alf, District Judge
Hon. James Crockett, District Judge
Hon. Kathleen E. Delaney, District Judge
Hon. Tierra Danielle Jones, District Judge
Hon. Kenneth C. Cory, District Judge
Hon. Rob Bare, District Judge
Robert L. Langford & Associates
Attorney General/Las Vegas
Attorney General/Dep't of Public Safety/Carson City
Washoe District Court Clerk
Eighth District Court Clerk