IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JERRY RILEY,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF PUBLIC SAFETY,<br>Respondent. | No. 79389 |

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a petition for termination of the duty to register as a sex offender.[1] Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

In 2007, the Legislature replaced Megan's Law with the Adam Walsh Child Protection and Safety Act (the AWA). After the AWA became enforceable, some petitioners successfully petitioned to terminate their duty to register as a sex offender by commingling aspects of Megan's Law with the AWA. Appellant was registered under Megan's Law and, in 2019, filed a petition to terminate his registration duties by similarly commingling Megan's Law with the AWA. The State filed a motion to dismiss, arguing that he was a Tier 3 offender under the AWA and that he had failed to meet the requirements for relief from registration under that law. The district court agreed and dismissed appellant's petition, finding that appellant was a Tier 3 offender who was required to register for 25 years, that he only began registering in 2000, and that he was currently noncompliant with his registration obligation. Appellant now appeals, arguing that the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-01448

court's dismissal violates his equal protection rights fails because similarly situated offenders were previously granted the relief appellant sought and that the State has no rational basis to treat him differently. We review de novo, *see Rico v. Rodriguez*, 121 Nev. 695, 702, 120 P.3d 812, 817 (2005) ("This court reviews constitutional challenges de novo."), and disagree.

The Fourteenth Amendment of the United States Constitution and Article 4, Section 21 of the Nevada Constitution guarantee the right to equal protection. *Id.* at 702-03, 120 P.3d at 817. A party may bring a class-of-one equal protection claim showing that he or "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Appellant fails to demonstrate that the State lacked a rational basis for refusing to commingle the two laws. Essentially, he argues that because the 2016 petitioners benefitted from a mistaken interpretation of the law, the State should deliberately make the same mistake again for appellant's benefit, in contravention to this court's guidance in *State, Department of Public Safety v. Neary*, Docket No. 72578 (Order of Reversal and Remand, July 26, 2018). We are not persuaded by appellant's arguments.[2] *See Hodel v. Indiana*, 452 U.S. 314, 331-32 (1981) (explaining that an equal-protection claim not involving a suspect class requires "a clear showing of arbitrariness and irrationality"); *Zamora v. Price*, 125 Nev. 388,

---

[2]Because appellant fails to demonstrate that the State lacked a rational basis, we need not address appellant's remaining arguments. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need only address issues necessary to resolving the case at bar).

392, 213 P.3d 490, 493 (2009) (explaining that the party challenging constitutionality bears the burden of proof). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Kathleen M. Drakulich, District Judge
Robert L. Langford & Associates
Attorney General/Carson City
Attorney General/Dep't of Public Safety/Carson City
Washoe District Court Clerk